FRED FORD, Respondent, *v.* FORD MOTOR COMPANY, Appellant.

Third Department, July 2, 1917.

Principal and agent — agreement of principal to accept and pay for extra parts for automobiles returned by agent — evidence justifying recovery — waiver of time limitation by principal — right of agent to commissions on sales made by subagent — authority of agent to bind principal — rebate if principal's sales for year total certain number.

Where the plaintiff undertook the sale of automobiles and appliances for the defendant as its agent in a certain locality, and was entitled under their contract to return to the defendant certain extra parts for automobiles which he had purchased during the term of the contract, or within thirty days after its termination, and to receive credit for said parts returned, the plaintiff was entitled to recover for parts actually returned, where they were accepted by the defendant, although they were not returned within the time limited by the contract, for the acceptance by the defendant without objection was a waiver of the time limit.

Evidence in an action to recover said rebates examined, and *held*, to support a finding by the jury that the plaintiff was entitled to recover the value of said goods at the time he purchased the same, and was not restricted to a recovery of the current price of the parts at the time he redelivered the same, which was less than the original purchase price.

*Held, further,* that the plaintiff was entitled to recover a rebate or commissions upon sales made by his sub-agent pursuant to an agreement to that effect, made for the defendant by another agent, although the defendant's agent subsequently placed in the contract the name of a third party as agent for the territory in question and attempted to leave the plaintiff out of the transaction after he had spent time and money in arranging for the appointment of his sub-agent. Defendant cannot successfully assert that its agent had no authority to execute the contract with the plaintiff where the limitation on the defendant's agent's authority was not brought to the plaintiff's attention and he had apparent authority to give the agency to the plaintiff.

However, the plaintiff is not entitled to recover on an assigned cause of action under an alleged contract by the defendant to refund a certain amount of money to purchasers of the defendant's cars if the defendant's yearly sales totaled a certain number of cars, where the bill of sale of the particular car had stamped thereon a notice that the sale did not come within the provisions of the defendant's offer to make said rebate.

APPEAL by the defendant, Ford Motor Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tioga on the 9th day of November, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 4th day of November, 1916, denying defendant's motion for a new trial made upon the minutes.

*Clark & Truman* [*James S. Truman* of counsel], for the appellant.

*Lynch & Clifford* [*F. W. Clifford* of counsel], for the respondent.

WOODWARD, J.:

The plaintiff alleges four causes of action against the defendant, the second cause being dropped from consideration upon the trial. There are, therefore, three causes of action involved in this appeal, though the verdict of the jury is general, apparently covering all three. The Ford Motor Company of Detroit, Mich., maintains a branch establishment in Buffalo, N. Y., and is authorized to do business in this State. Business is conducted by a branch manager. The complaint, after making the formal averments, alleges that on or before the 21st day of November, 1913, the plaintiff entered into a contract or agreement with the defendant,

at Owego, N. Y., by and under the terms of which the plaintiff undertook the sale of certain automobiles and appliances for the defendant, as its agent, within certain townships; that this contract by its terms terminated within one year from the date of its execution, and that the plaintiff fulfilled all the conditions of said contract; that this contract provided that the plaintiff should purchase and keep at his place of business a stock of Ford parts of the value of $250 during the term of the contract, and that the party of the third part (the plaintiff herein) should have the right or privilege of returning to the first party (the Ford Motor Company) at the place of purchase at any time during the term of the contract, or within thirty days after its termination, at his own expense, for credit at the purchase price of such new parts of first party's automobiles as he may desire. The complaint then alleges that at or about the time of the expiration of said contract the party of the third part did return and deliver to the party of the first part, at the place designated, a quantity of new parts of the party of the first part's automobiles, and that the party of the first part did receive and accept such quantity of new parts so returned as aforesaid, and became and was thereby obligated to pay, under the provisions of said contract, the purchase price thereof; and it is alleged that such purchase price was the sum of $106.62, and that no part of this sum has been paid.

Upon the trial the plaintiff proved, to the satisfaction of the jury, that he in fact delivered the goods in question to the defendant at a period of several months after the termination of the contract, and that the defendant received and accepted them; but a controversy arose between the parties as to the amount of the credit, the defendant claiming that it was merely required to pay the current price of such parts at the time of the delivery, which was considerably less than the original purchase price. The defendant tendered payment of the amount which it claimed to be due the plaintiff, and the latter rejected the settlement proposed, and sued for the amount mentioned in the contract — the purchase price — and we are of the opinion that the verdict of the jury, in so far as this sum is concerned, is supported by the evidence, and that the point now raised, that the goods were not

returned within the time limited by the contract, was waived by the defendant when it received and accepted them, raising no question as to the time of such tender.

The third cause of action proceeds upon the theory that the defendant sent its agent to the plaintiff in the month of November, 1914, to enter into a new contract with the plaintiff, and that such a contract was in fact entered into, by the terms of which the plaintiff was to have a rebate or commission upon the sales made by his sub-agents of five per cent; that the defendant's agent agreed to assist the plaintiff in getting sub-agents; that one Phillips was secured as such sub-agent and entered into a contract for eighteen cars, making an advance payment upon them and subsequently selling and delivering such cars, and that the plaintiff was entitled to a commission of five per cent upon such sales. There was evidence from which the jury might have found that the defendant's agent did agree with the plaintiff that the latter should be appointed as agent for the territory in question, and that this agent did assist in procuring the services of Phillips, and the sale to the latter of eighteen automobiles, and that Phillips was told that the plaintiff was the agent for the territory and acted upon that understanding, but that the defendant's agent subsequently filled in the name of a third party as the agent for this territory, leaving the plaintiff out of the transaction, though the latter had spent his time and money in arranging for the appointment of Phillips as a sub-agent. The recovery upon this third cause of action is the amount of the commission of five per cent upon the sale of eighteen automobiles by Phillips, and the real controversy was whether the defendant was bound by the conduct of its agent in making the contract with the plaintiff and Phillips, and then passing over the plaintiff and introducing another party into the contract in the place of the plaintiff. The jury were entitled to find that the defendant's agent read over the contract to Phillips, reading the name of the plaintiff as the party who was to have the territory in question, and that he subsequently filled in the name of a third party, after Phillips had been induced to sign the subcontract and after the latter had made a deposit to insure the taking of the eighteen cars.

The defendant does not seriously question that Van de Bogart was its agent, but it contends that he was without authority to execute the particular contract. We are of the opinion, however, that the alleged limitations upon Van de Bogart's authority were not brought to the attention of the plaintiff; that he had the apparent authority to constitute an agency, and that the defendant, having had the benefit of the contract, is not in a position to question the authority of its agent in making the same. So far as the general verdict is founded upon this cause of action, we see no reason for disturbing it.

The fourth cause of action, which is merged in the general verdict, proceeds upon an assigned claim of one Frank Ford, who claims to have purchased an automobile from the defendant upon its published promise to rebate the price of its cars from forty to sixty dollars in the event that it produced and sold 300,000 cars during the year of 1914. The plaintiff alleges that he, as the agent of the defendant in that year, presented the proposition to Frank Ford and that the said Frank Ford purchased the car and paid for it upon this contingent promise, and that the defendant actually sold and delivered the required number of cars, and that it thereupon became obligated to pay a rebate of fifty dollars to the said Frank Ford, and that this right was assigned to the plaintiff before the commencement of this action. The bill of sale of the car in question has stamped upon it a notice that it is not to come within the provisions of this special offer, and we are unable to see how a recovery at law can be had upon the basis of this contract. Frank Ford had notice by this bill of sale that his car was not to share in the rebate, and if there were reasons which entitled him to an amendment of the contract he should have demanded it of the defendant, and, if refused, he might possibly proceed in a court of equity; but to maintain this action at law upon a contract which declares that it is not subject to the special rebate, is quite a different thing.

Because the whole matter is merged in a common verdict the most reasonable disposition to make in this case seems to be to reverse the judgment and to direct a new trial, unless the plaintiff will stipulate, within twenty days, to deduct from

the recovery the sum of fifty dollars, in which event the judgment as so modified is affirmed, without costs of this appeal.

All concurred.

Judgment and order reversed and a new trial granted, with costs to appellant to abide event unless the plaintiff stipulates, within twenty days, to deduct from the recovery fifty dollars, the amount claimed in the fourth cause of action, and if such stipulation is filed, the judgment is so modified and as modified judgment and order affirmed, without costs.